## Butchko v. Urmson

*Cyril T. Garvey,* for plaintiffs.

*William C. Kuhn, Henry E. Sewinsky, Jr.,* and *Chester B. Scholl,* for defendants.

STRANAHAN, P. J., May 10, 1973.—Plaintiffs, Andrew and Virginia Butchko, employed Brooks and Redfoot, an architectural firm, to design a house for them and employed Gordon Urmson as a general contractor to build the house. Gordon Urmson, in turn, contracted the roof to Andrew Friestad, t/a Superior Heating Company.

Since the house has been finished, it is alleged by plaintiffs that the roof has leaked, causing damage to the house and diminishing its value. A suit in assumpsit has been started against Gordon Urmson, Andrew Friestad and Brooks and Redfoot.

Brooks and Redfoot filed a preliminary objection asking for a more specific pleading and subsequently filed an amended preliminary objection, in which it is contended that the contract between Brooks and Redfoot and Butchko contains a provision that any disputes shall be submitted to arbitration and, therefore, the suit in assumpsit was improperly brought.

Defendant Fiestad also filed a preliminary objection raising the question of arbitration as set forth in the contract between Urmson and Mr. and Mrs Butchko.

The court does now rule on the preliminary objections.

We hold that there is no merit to preliminary objections of Brooks and Redfoot to the effect that no specific allegation is made as to what defective workmanship there is or what defective design was made by the architects that has caused the roof to leak.

As plaintiffs point out in their argument, since the architects designed the roof and defendant, Friestad, constructed it, it is fairly obvious that these parties should be aware of what the problem is without plaintiffs being required to tell them.

For this reason, we refuse the motion for a more specific pleading.

The interesting question in this case, however, arises from the contract which is attached to the complaint in assumpsit and which provides for compulsory arbitration "at the choice of either party" in the contract between plaintiffs and Brooks and Redfoot. In the contract between plaintiffs and Gordon Urmson, it merely provides that any disagreement shall be submitted to arbitration.

In the case of Jefferies v. Tucker, 7 D. & C. 2d 172, the court permitted a preliminary objection to be treated as a request for arbitration and stayed the proceedings under the authority of the Act of April 25, 1927, P. L. 381 (No. 248), sec. 2, as amended, 5 PS §162. This case apparently was affirmed per curiam by the Supreme Court at 387 Pa. 234. It does appear, however, in this case, that the preliminary objection was a request for arbitration and therefore the court accepted this as compliance with 5 PS §162.

In the present case, the preliminary objections merely state that plaintiffs should not be allowed to proceed, since they are subject to the arbitration provisions appearing in the contract.

In Riboldi v. Vito, 31 D. & C. 2d 437, the court concludes that there must be two elements present in order to permit a court to require submission of the case to arbitration. These elements are: (1) The existence of an agreement to arbitration; (2) timely affirmative action by application to set arbitration in motion.

While we do not wish to be technical, we do believe that the form of preliminary objections in the present case is not drawn in such a way that they are a request for arbitration but rather are drawn in such a manner as to object to plaintiffs proceeding in this matter because of the arbitration provision.

It appears clear, at least in the Brooks and Redfoot

contract, that arbitration may be used "at the choice of either party." Such being the case, we believe that the proper method of proceeding in this matter is for the parties who wish to invoke the arbitration provisions of the contract to comply with 5 PS § 162, which requires the court to stay proceedings until arbitration has been conducted in accordance with the term of the agreement if an application is made by one of the parties for arbitration. We believe that a petition should be filed with a rule to show cause why the matter should not be submitted to arbitration. The court would then act by issuing the rule and considering any arguments that the parties may wish to make.

## ORDER

And now, May 10, 1973, the motion for a more specific pleading is denied and the preliminary objection raising the arbitration provision of the contract is denied.